Joel A. Mullin, OSB #862533
joel.mullin@stoel.com
Brad S. Daniels, OSB #025178
brad.daniels@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
(503) 294-9293

Robert H. Baron (admitted pro hac vice)
rbaron@cravath.com
Omid H. Nasab (admitted pro hac vice)
onasab@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7416
(212) 474-1000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND (THE DECATUR PLAN) and ANGELA LOHMANN, as Trustee for the Angela Lohmann Revocable Trust, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>PRECISION CASTPARTS CORP., MARK DONEGAN, DON R. GRABER, LESTER L. LYLES, DANIEL J. MURPHY, VERNON E. OECHSLE, ULRICH SCHMIDT, RICHARD L. WAMBOLD and TIMOTHY A. WICKS,<br><br>Defendants. | Case No. 3:16-cv-01756-YY<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission or deposition testimony. This action concerns allegations that Defendants Precision Castparts Corp. ("PCC" or the "Company"), Mark Donegan, Don R. Graber, Lester L. Lyles, Daniel J. Murphy, Vernon E. Oechsle, Ulrich Schmidt, Richard L. Wambold, and Timothy A. Wicks violated Section 14(a) and 20(a) of the Securities Exchange Act of 1934 by causing a proxy statement to be filed on October 13, 2015, that contained purportedly false or misleading statements of material fact or omissions of material fact purportedly necessary to make other statements therein not false or misleading. The parties expect to exchange documents and information relating to the Company's financial projections, business plan, and consideration of acquisition opportunities, among other issues. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business,

Page 1 – STIPULATED PROTECTIVE ORDER

commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only", or may redact, documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.

4. Documents, testimony, written responses or other material may be designated as "Confidential" or "Attorneys' Eyes Only" in the following manner:

   a. in the case of documents, written responses or other written materials produced in this case (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page of the document; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the electronically stored information; and

   b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during the course of such deposition testimony, that such testimony shall be treated as "Confidential" or "Attorneys' Eyes Only"; or (ii) by written notice, sent to counsel of record for all parties after receiving a copy of the transcript, that such testimony shall be treated as "Confidential" or "Attorneys' Eyes Only".

5. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

   CONFIDENTIAL

   IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
   ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL

Page 2 – STIPULATED PROTECTIVE ORDER

> AND SHALL NOT BE SHOWN TO ANY PERSON OTHER
> THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9
> OF THE PROTECTIVE ORDER.

or

> ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS FOR
> ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN
> TO ANY PERSON OTHER THAN THOSE PERSONS
> DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE
> ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only", that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only", then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6.     PCC anticipates producing information relating to companies that PCC has evaluated as potential acquisition targets but where no acquisition has been consummated between PCC and the target company to date ("Acquisition Targets"). PCC believes that the identities of Acquisition Targets are confidential commercial information, the public disclosure of which would cause substantial harm to PCC. Plaintiffs agree not to challenge any request by PCC to maintain the confidentiality of information that would specifically reveal the identity of an Acquisition Target.

7.    Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 6. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

8.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, unless the portion(s) of such pleadings, motions, briefs, etc. designated as "Confidential" or "Attorneys' Eyes Only" have been filed under seal by counsel and marked in the same manner as described in paragraph 6 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9.    Use of any information, documents, or portions of documents marked "Confidential", including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

   d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

   e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

   f. The authors and the original recipients of the documents.

   g. Any court reporter or videographer reporting a deposition.

   h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

  10. Use of any information, documents or portions of documents marked "Attorneys' Eyes Only", including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 9(a), 9(b), 9(d), 9(e), 9(f), 9(g) and 9(h), unless additional persons are stipulated by counsel or authorized by the Court.

  11. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only", any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

  12. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

  13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or

Page 5 – STIPULATED PROTECTIVE ORDER

subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

14. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only". The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

15. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only", or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding, other than a motion to determine whether the

Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only".

16. Privilege and redaction logs shall be served within thirty (30) days of the production of documents. Parties may log as a single entry emails that contain attachments provided the log indicates the presence of attachments. Parties may log as a single entry email chains that contain multiple email messages provided the log entry indicates that the document is an email chain.

17. If any information, electronically stored information or document that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information or document should not have been made to any party ("Protected Material") is inadvertently produced, such production shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client communication privilege or the attorney work product doctrine as to the produced information. The production of Protected Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18. If the producing party discovers that Protected Material has been produced, it shall notify the receiving party in writing. Within ten (10) business days following receipt of written notice from the producing party that Protected Material has been produced, the receiving party shall return all such documents, and all copies thereof, to the producing party, and the receiving party shall not use such Protected Material for any purpose, except as provided in

Paragraph 19, until further order of the Court. The receiving party shall also promptly make a good faith effort to retrieve and return or destroy all copies of the Protected Material, including any analyses, memoranda, summaries, and excerpts thereof, in electronic or any other format. Upon completion of its obligations pursuant to this paragraph, the receiving party shall certify compliance in writing to the producing party.

19. The receiving party may contest the privilege or work product designation by the producing party. However, the receiving party may not challenge the privilege or work product designation claim by arguing that the disclosure itself is a waiver of any applicable privilege or work product designation. If the parties are unable to resolve the matter, the receiving party may seek an order from the Court compelling the production of the Protected Material. The receiving party shall temporarily sequester the Protected Material while a challenge to the designation of Protected Material is pending.

20. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of pleadings, expert reports, deposition transcripts or other confidential documents agreed to by the parties.

21. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

22. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

23. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| Eun Jin Lee<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>(619) 231-1058<br>elee@rgrdlaw.com | Joel A. Mullin, OSB #862533<br>STOEL RIVES LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>(503) 294-9293<br>joel.mullin@stoel.com |
| Lawrence Deutsch<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>ldeutsch@bm.net | Omid H. Nasab (admitted pro hac vice)<br>CRAVATH, SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019-7416<br>(212) 474-1000<br>onasab@cravath.com |
| *Lead Counsel for Plaintiffs* | *Attorneys for Defendants Precision Castparts Corp., Mark Donegan, Don R. Graber, Lester L. Lyles, Daniel J. Murphy, Vernon E. Oechsle, Ulrich Schmidt, Richard L. Wambold and Timothy A. Wicks* |

Page 9 – STIPULATED PROTECTIVE ORDER

21. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

22. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

23. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| Eun Jin Lee<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>(619) 231-1058<br>elee@rgrdlaw.com | Joel A. Mullin, OSB #862533<br>STOEL RIVES LLP<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205<br>(503) 294-9293<br>joel.mullin@stoel.com |
| Lawrence Deutsch<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>ldeutsch@bm.net | Omid H. Nasab (admitted pro hac vice)<br>CRAVATH, SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019-7416<br>(212) 474-1000<br>onasab@cravath.com |
| *Lead Counsel for Plaintiffs* | *Attorneys for Defendants Precision Castparts Corp., Mark Donegan, Don R. Graber, Lester L. Lyles, Daniel J. Murphy, Vernon E. Oechsle, Ulrich Schmidt, Richard L. Wambold and Timothy A. Wicks* |

Page 9 – STIPULATED PROTECTIVE ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: 8/17/2018

/s/Youlee Yim You
Hon. Youlee Yim You
United States Magistrate Judge

## EXHIBIT A

I, _____, have been advised by counsel of record for _____ in *NECA-IBEW Trust Fund et al. v. Precision Castparts Corp. et al.*, C.A. No. 16-cv-01756-YY (D. Or.), of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date