**Gary M. Berne**, OSB No. 774077
gberne@stollberne.com
**Jennifer S. Wagner**, OSB No. 024470
jwagner@stollberne.com
**Lydia Anderson-Dana**, OSB No. 166167
landersondana@stollberne.com
STOLL STOLL BERNE LOKTING
   & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: 503/227-1600
503/227-6840 (fax)

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND (The Decatur Plan), and ANN F. LYNCH, AS TRUSTEE FOR THE ANGELA LOHMANN REVOCABLE TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>PRECISION CASTPARTS CORP., MARK DONEGAN, DON R. GRABER, LESTER L. LYLES, DANIEL J. MURPHY, VERNON E. OECHSLE, ULRICH SCHMIDT, RICHARD L. WAMBOLD and TIMOTHY A. WICKS,<br><br>                    Defendants. | No. 3:16-cv-01756-YY<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

4813-0284-7952

WHEREAS, an action pending before this Court is styled *NECA-IBEW Pension Trust Fund (The Decatur Plan), et al. v. Precision Castparts Corp., et al.*, Case No. 3:16-cv-01756-YY (the "Litigation").

WHEREAS, the Court-appointed Lead Plaintiffs NECA-IBEW Pension Trust Fund (The Decatur Plan) and Ann F. Lynch, as Trustee for the Angela Lohmann Revocable Trust ("Lead Plaintiffs") have made an unopposed motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated January 8, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Defendants and the Released Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as likely to be approved under Federal Rules of Civil Procedure 23(e)(2) and as meriting notice to the Class for its consideration.  Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

(a)      Lead Plaintiffs and Lead Counsel have adequately represented the Class;

(b)      The Settlement was negotiated at arms-length with the assistance of experienced mediator Robert A. Meyer, Esq., of JAMS;

(c)     The relief provided to the Class in the form of monetary relief is adequate taking into account, among other things, the risks and uncertainty of continued litigation and trial; and

(d)     The proposal treats Class Members equitably relative to each other.

2.     The Court finds that the terms of the Stipulation are sufficiently fair, reasonable, and adequate to allow dissemination of notice to members of the Class. This determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a determination that probable cause exists to disseminate notice to the Class and hold a hearing on final approval of the proposed Settlement.

3.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court preliminarily certifies a class of all persons who purchased, sold or held Precision Castparts Corp. ("Precision" or the "Company") common stock during the period from and including October 9, 2015, the record date for Precision's special meeting regarding the sale of Precision to Berkshire Hathaway Inc. (the "Merger"), through and including the consummation of the Merger on January 29, 2016 (the "Class Period"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) the Company's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant; and (vi) any Persons who timely and validly seek exclusion from the Class in accordance with the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order.

4.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as the class representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Berger Montague PC are preliminarily certified as Class Counsel.

6. A hearing shall be held before this Court on _____, at ____ _.m. (a date that is at least 100 calendar days from the date of this Order) (the "Final Approval Hearing"), at the United States District Court for the District of Oregon, Portland Division, United States Federal Building and Courthouse, 1000 S.W. Third Avenue, Portland, OR 97204, to determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in ¶1.15 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; to determine any award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) any award to Lead Plaintiffs; and/or (iii) the award of fees and expenses to Plaintiffs' Counsel; and to consider such other matters the Court deems appropriate.[1]

---

[1] In light of the outbreak of the Coronavirus (COVID-19), the Court may decide to conduct the Final Approval Hearing by video or telephone conference, or otherwise allow Class Members to appear at

7.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

8.      The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

9.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.  Precision shall use its reasonable best efforts to provide to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, within ten (10) business days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who held common stock during the Class Period.

10.      Not later than _____ (a date twenty-one (21) calendar days after the Court signs and enters this Order) (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail, postage prepaid, to all Class Members who can be identified with reasonable effort and shall cause the Notice and Proof of Claim and Release Form to be posted on the website established for this Settlement at www.PrecisionShareholderLitigation.com.

---

the hearing by telephone or video without further notice to the Class.  No further notice of such decision will be provided to the Class.  In order to determine whether the date and time of the Final Approval Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Settlement website, www.PrecisionShareholderLitigation.com, before making any plans to attend the Final Approval Hearing.  Any updates will be posted to the Settlement website.

11.    Not later than _____ (a date ten (10) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.    Not later than _____ (a date seven (7) business days prior to the Final Approval Hearing), Lead Counsel shall serve on the Parties' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.    Nominees who held, purchased or acquired Precision common stock for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release to such beneficial owners of Precision common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

14.    The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation:  (a) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, due process, and is the best notice practicable under the circumstances; (b) constitute notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and/or appear at the Final Approval Hearing; and (c) constitute due, adequate, and sufficient notice to all Persons entitled thereto.

15.     All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs or expenses.  All Members of the Class (except Persons who request exclusion pursuant to ¶22 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

16.     Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Defendants or the Released Persons any of the Released Claims in this Litigation, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

17.     Class Members who wish to submit a claim in connection with the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____ (a date ninety (90) calendar days from the Notice Date).  Any Class Member who does not submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise

ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

18.    The Proof of Claim and Release submitted by each Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

19.    Any Class Member that requests exclusion from the Class or otherwise has settled claims with one or more Defendants arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Proof of Claim and Release or having another person or entity submit a Proof of Claim and Release on its behalf.

20.     By submitting a Proof of Claim and Release, a Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

21.     Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

22.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is postmarked no later than _____ (a date twenty-one (21) calendar days before the Final Approval Hearing).  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Precision common stock held, purchased, acquired or sold during the Class Period and the dates during the Class Period on which each such share was held, purchased, acquired or sold; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

23.     No later than twenty-one (21) calendar days prior to the Final Approval Hearing, the Claims Administrator shall provide the Parties' counsel with (i) copies of any and all Requests for Exclusion from the Class received by the Claims Administrator, (ii) a list of all persons or entities requesting exclusion, (iii) a list of shares of Precision common stock purchased, sold or held by each such person or entity during the period from and including October 9, 2015, the record date for Precision's special meeting regarding the Merger, through and including the consummation of the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT                    Page 8
AND PROVIDING FOR NOTICE – EXHIBIT A
4813-0284-7952

Merger on January 29, 2016, as to which such person or entity is requesting exclusion, and the dates on which each such share was held, purchased, acquired or sold and (iv) a report by Lead Counsel identifying which Requests for Exclusion Lead Counsel has determined to be timely and valid under the criteria specified in this order and the Notice of Pendency and Proposed Settlement of Class Action. No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall provide the Parties' counsel with a representation that all Requests for Exclusion received have been copied and provided to the Parties' counsel.

24.    Any Member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why fees and expenses should not be awarded to Lead Counsel or Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs containing – (1) identification of any previous objections; and (2) a statement whether the objection only applies to the objector, a subset of the Class, or to the entire Class – are received by Robbins Geller Rudman & Dowd LLP, A. Rick Atwood, 655 West Broadway, Suite 1900, San Diego, CA 92101; Berger Montague PC , Lawrence Deutsch, 1818 Market St., Suite 3600, Philadelphia, PA. 19103, and Cravath, Swaine & Moore LLP, Justin C. Clarke, 825 Eighth Avenue, New York, NY 10019, no later than _____ (a date twenty-one (21) calendar days before the Final Approval Hearing) and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Oregon, Portland Division, United States Federal Building and Courthouse, 1000 S.W. Third Avenue, Portland, OR 97204, no later than _____ (a date twenty-one (21) calendar days before the Final Approval Hearing). Any such objection must:

(a) indicate the objector's name, address, and telephone number; (b) specify the reason(s) for the objection; (c) identify the date(s), price(s), and number(s) of shares of Precision common stock held, purchased, acquired or sold during the Class Period by the objector; (d) provide documents demonstrating such holding(s), purchase(s), acquisition(s) and/or sale(s); and (e) be signed by the objector.  Any Member of the Class who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of fees and expenses to Lead Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

25.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and payment of time and expenses to Lead Plaintiffs shall be filed and served no later than _____ (a date thirty-five (35) calendar days prior to the Final Approval Hearing) and any reply papers shall be filed and served no later than _____ (a date seven (7) calendar days prior to the Final Approval Hearing).

27.    The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Lead Counsel or Lead Plaintiffs, and such

matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any payment of Lead Plaintiffs' time and expenses, should be approved.

29.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

30.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Released Persons, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

32.    The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Members of the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶6 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

33.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, except as provided in the Stipulation, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective positions in the Litigation as of October 14, 2020.

IT IS SO ORDERED.

DATED: _____    _____
                                   THE HONORABLE YOULEE YIM YOU
                                   UNITED STATES MAGISTRATE JUDGE