UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NECA-IBEW PENSION TRUST FUND (The Decatur Plan), and ANN F. LYNCH, AS TRUSTEE FOR THE ANGELA LOHMANN REVOCABLE TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PRECISION CASTPARTS CORP., MARK DONEGAN, DON R. GRABER, LESTER L. LYLES, DANIEL J. MURPHY, VERNON E. OECHSLE, ULRICH SCHMIDT, RICHARD L. WAMBOLD and TIMOTHY A. WICKS,<br><br>          Defendants. | No. 3:16-cv-01756-YY<br><br>CLASS ACTION<br><br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES, AND AWARD OF LEAD PLAINTIFF'S COSTS AND EXPENSES |

This matter having come before the Court on May 7, 2021, on the motion of Lead Counsel for an award of attorneys' fees and expenses incurred in the Litigation and an award of costs and expenses to Lead Plaintiff, Ann F. Lynch (the "Fee and Expense Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises, and good cause appearing, therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement, dated January 8, 2021 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's request for attorneys' fees and expenses was given to all Class Members who could be located with reasonable effort.  The form and method of notifying the Class of the request for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 33.33% of the Settlement Amount, plus expenses in the amount of $867,891.13, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

ORDER RE ATTORNEYS' FEES
4844-3531-5427.v1

Page 1

5.    The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of this Order, and subject to the terms, conditions and obligations of the Stipulation, and in particular the terms of ¶6.2, which terms, conditions and obligations are incorporated herein.

6.    In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)    the Settlement has created a fund of $21,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)    over 111,200 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees of 33.33% of the Settlement Amount and for expenses in an amount not to exceed $936,700.00, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c)    Lead Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)    Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)    Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f)    the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)     the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7.      Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $349.80 to Lead Plaintiff Ann F. Lynch, as Trustee for the Angela Lohmann Revocable Trust (the "Trust"), in order to reimburse her for her and the Trust's expenses incurred directly related to the Trust's representation of the Class.

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.


DATED: _____   /s/ *Youlee Yim You*_____
                            THE HONORABLE YOULEE YIM YOU
                            UNITED STATES MAGISTRATE JUDGE

            May 7, 2021

ORDER RE ATTORNEYS' FEES                                          Page 3
4844-3531-5427.v1