UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

NECA-IBEW PENSION TRUST FUND (The Decatur Plan), and ANN F. LYNCH, AS TRUSTEE FOR THE ANGELA LOHMANN REVOCABLE TRUST, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

PRECISION CASTPARTS CORP., MARK DONEGAN, DON R. GRABER, LESTER L. LYLES, DANIEL J. MURPHY, VERNON E. OECHSLE, ULRICH SCHMIDT, RICHARD L. WAMBOLD and TIMOTHY A. WICKS,

Defendants.

No. 3:16-cv-01756-YY

CLASS ACTION

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated January 15, 2021, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 8, 2021 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only: (i) a Class defined as all persons who purchased, sold or held Precision Castparts Corp. ("Precision" or the "Company") common stock during the period from and including October 9, 2015, the record date for Precision's special meeting regarding the sale of Precision to Berkshire Hathaway Inc. (the "Merger"), through and including the consummation of the Merger on January 29, 2016; (ii) Robbins Geller Rudman & Dowd LLP and Berger Montague PC are certified as Lead Counsel; and (iii) Lead Plaintiffs are certified as Class Representatives. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii)

the Company's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant; and (vi) any Persons who timely and validly excluded themselves from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members pursuant to the Preliminary Approval Order, and who are identified in Exhibit A hereto.

4. For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class and the complexity, risks and expense of further litigation, the Settlement is in all respects fair, reasonable and adequate, having found that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated at arm's length; (c) the relief provided to the Class is adequate, having taken into account (i) the costs, risks, and delay of further litigation, trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class,

including the method of processing Class Members' claims; and (iii) the terms of any proposed award of attorneys' fees and expenses and Lead Plaintiffs' time and expenses, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.

6. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice and without costs, the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Stipulation and herein.

7. The releases as set forth in ¶¶4.1-4.4 of the Stipulation, together with the definitions contained in ¶¶1.1-1.31 relating thereto, are expressly incorporated herein in all respects.

8. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation, against the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall

have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Plaintiffs' Counsel from all Settled Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

10. Upon the Effective Date hereof, Lead Plaintiffs, each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any of the Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Litigation, against any or all of the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

11. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Lead Plaintiffs, all other Class Members, and Defendants (regardless of whether or not any individual Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

12. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Person shall have any liability, obligation,

or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

13. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on January 15, 2021, was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation. Said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

14. Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall be considered separate from this Judgment and shall in no way disturb or affect this Judgment.

15. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be: (a) offered against any Defendant or their Related Parties as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any Defendant or their Related Parties of the truth of any fact alleged by the Lead Plaintiffs, the validity of any claim that

has been or could have been asserted in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing of Defendants or their Related Parties; or (b) offered against any Defendant or their Related Parties as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant or their Related Parties; or (c) offered against any Defendant or their Related Parties as evidence of a presumption, concession, or admissibility of any liability, negligent, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (d) construed against Defendants or their Related Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. The Released Persons, Lead Plaintiffs, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall be returned to the status quo immediately prior to their execution of the Stipulation.

19. Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Court has reviewed and considered all objections to the Settlement. The Court finds such objections to be without merit and hereby overrules them.

21. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: May 7, 2021

/s/ Youlee Yim You

THE HONORABLE YOULEE YIM YOU
UNITED STATES MAGISTRATE JUDGE